**HI–PLAINS ELEVATOR MACHINERY, INC., a Kansas Corporation, Stanley Plumbing and Heating Company, a corporation, and Balden Equipment Company, a Missouri corporation, Respondents,**

v.

**MISSOURI CEREAL PROCESSORS, INC., a Missouri Corporation, Appellant.**

No. 10252.

Missouri Court of Appeals, Springfield District.

Sept. 11, 1978.

L. Thomas Elliston, Webb City, for appellant.

Julian J. Ossman, Myers, Perry, Ossman & Copeland, Webb City, for respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

In 1973 Hi-Plains Elevator Machinery, Inc. (Hi-Plains), respondent, entered into a contract with Missouri Cereal Processors, Inc. (Cereal), appellant, by which Hi-Plains was to provide the labor and material for

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1969, V.A.M.S.

2. For a case dealing with the effect of such failure, see *Truog v. Elbel Construction Company*, 374 S.W.2d 612 (Mo.App.1963).

3. The record is replete with other instances, including Hi-Plains' motion set forth in footnote 4, where Balden Equipment Company is referred to as Baldwin Equipment Company.

certain improvements on real estate owned by Cereal. The work having been fully or at least substantially performed, Hi-Plains instituted this action against Cereal for the amount due Hi-Plains under the contract. The petition also sought a mechanic's lien against the real estate. Additional parties defendant were the holder of a deed of trust and its trustee.

After the commencement of the action Stanley Plumbing and Heating Company (Stanley) and Balden Equipment Company (Balden) filed applications to be added as parties plaintiff under Rule 101.12(c).[1] Although their respective applications were sustained, neither Stanley nor Balden filed a petition or any other pleading.[2]

On May 29, 1975, attorneys for Hi-Plains served upon Cereal a document entitled "Notice of Taking Depositions." That notice informed Cereal that depositions of "witnesses, to be read in evidence in the above entitled cause would be taken on the part of [Hi-Plains] at the law offices of [Hi-Plains' attorneys], 112 North Webb, Webb City, Missouri, on June 17, 1975, between 1:00 p. m. and 5:00 p. m."

Significantly the notice also stated:

"The witnesses to be examined are:

Missouri Cereal Processors, Inc. (Robert V. Burgess, President) Baldwin[3] Equipment Company (Charles J. Hauver, President)"

No subpoena was served upon Robert V. Burgess. On June 17, 1975, neither Cereal nor Burgess appeared at the deposition session. Thereupon Hi-Plains filed a "Motion for Default Judgment," set out marginally.[4]

4. "MOTION FOR DEFAULT JUDGMENT

Comes now Plaintiff Hi-Plains Elevator Machinery, Inc. and in accordance with Rule 61.-01(g) and (d)(2) moves the Court to enter a Default Judgment against Defendant Missouri Cereal Processors, Inc., for the following reasons:

1. That on the 28th day of May, 1975 Plaintiff mailed to all attorneys of record in the captioned cause a Notice of Taking Depositions on June 17, 1975 wherein it was stated that one

On August 12, 1975, a hearing was held upon Hi-Plains' motion. Cereal was given notice of that hearing but made no appearance. The court sustained the motion and in its judgment made separate awards to Hi-Plains, Balden and Stanley and further decreed that each of them was entitled to a mechanic's lien. Cereal's motion to set aside the judgment was denied by the trial court. Cereal appeals.

In its judgment the trial court, in sustaining Hi-Plains' motion, made this finding: "Notice to take depositions was served on [Cereal] in the manner and form provided by law, but [Cereal] failed to appear for the same." The judgment makes no reference to the fact that Robert V. Burgess failed to appear. The motion itself failed to make *specific* reference to the non-appearance of Burgess.

On this appeal Cereal asserts that the trial court erred in sustaining Hi-Plains' motion and in entering judgment thereon for the reason that neither Cereal nor Burgess violated the Missouri Rules of Civil Procedure by failing to appear for the deposition session because Hi-Plains' notice was insufficient to require their presence.[5]

The opening paragraph of Hi-Plains' motion recites that it is filed "in accordance with Rule 61.01(g) and (d)(2)." The refer-

ence to Rule 61.01(g) is incorrect because that rule deals with the failure or refusal of a witness "to testify in response to questions propounded on deposition." Here no question was propounded. Rule 61.01(g) is inapplicable. It seems clear, however, from a reading of the entire motion that Hi-Plains was in fact claiming that Cereal violated Rule 61.01(f).[6]

Rule 57, Interrogatories and Depositions, in its present form, became effective on January 1, 1975. Portions of Rule 57 must be examined in light of the instant facts.

Rule 57.03 provides, in pertinent part: "After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination . . . The attendance of *witnesses* may be compelled by subpoena as provided in Rule 57.09. The attendance of a *party* is compelled by notice as provided in subdivision (b) of this Rule." (Emphasis added.)

In the case at bar no subpoena was served upon Burgess[7] nor did he receive the notice. Burgess himself was not "a party."

Rule 57.03(b)(1) provides, in pertinent part: "A party desiring to take the deposition of any person upon oral examination shall give not less than 7 days notice in writing to every other party to the action.

of the witnesses to be examined was Missouri Cereal Processors, Inc. by Robert V. Burgess, President.

2. That at the appointed day and hour Plaintiff took the deposition of Baldwin Equipment Company who appeared by its attorney Max Glover as per the above-mentioned Notice.

3. That neither the attorney for Missouri Cereal Processors was present nor was any representative of that company present to answer questions.

4. That such failure to appear is a blatant violation of Rule 57.03(a) and under the provisions of Rule 61.01, this Court is authorized to enter Default Judgment against the disobedient party, Missouri Cereal Processors, Inc.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Missouri Cereal Processors, Inc. as prayed for in its petition."

5. Whether or not the notice was adequate, with respect to Cereal, so far as the deposition (that of Charles J. Hauver) which was actually taken is concerned is outside the issues on this appeal and is not ruled. See Rule 57.07(a).

6. Rule 61.01(f) provides: *"Failure to Attend Own Deposition.* If a party or an officer, director or managing agent of a party or a person designated under Rules 57.03(b)(4) and 57.-04(a), to testify on behalf of a party, fails to appear before the officer who is to take his deposition, after being served with notice, the court may, upon motion and reasonable notice to the other parties and all persons affected thereby, make such orders in regard to the failure as are just and among others, it may take any action authorized under paragraphs (1), (2), (3) and (4) of subdivision (d) of this Rule."

7. Although Hi-Plains offered no evidence that Burgess was the president of Cereal, the briefs of the parties, including that of Cereal, referred to him as "Cereal's president." This court assumes that Burgess held that position during the pendency of the action in the trial court.

The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the same is not known, a general description sufficient to identify him or the particular class or group to which he belongs. . . ."

Cereal makes no complaint of the fact that the deposition notice given by Hi-Plains does not contain an address. The significance, if any, of that omission need not be considered.

With regard to the "name . . . of each person to be examined" the *notice* says, "Missouri Cereal Processors, Inc. (Robert V. Burgess, President)." It is at least arguable that the "witness" is Cereal. The notice is subject to that construction. The reasonableness of that construction is supported by paragraph 1 of the *motion* of Hi-Plains set forth in footnote 4. In that motion Hi-Plains, in construing its own notice, claimed the latter stated "that *one* of the witnesses to be examined was *Missouri Cereal Processors, Inc. by* Robert V. Burgess, President." It should be observed that the word "by" appears in the motion but not in the notice.

Manifestly the notice is poorly drafted. Hi-Plains is not in a position to deny that it was subject to the construction that the deposition to be taken was that of Cereal— Cereal itself was to be the *deponent.* This is the construction placed upon the notice by Hi-Plains itself as evidenced by its motion.

■ Prior to 1975 there was no specific provision in Rule 57 for the taking of the deposition of a corporation. Such a provision is now found in Rule 57.03(b)(4) which reads, in pertinent part: "A party may in his notice and in a subpoena name as the *deponent* a . . . private corporation . . . and describe with reasonable particularity the matters on which examination is requested. *In that event,* the organization so named shall designate one or more

officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which he will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(4) does not preclude taking a deposition by any other procedure authorized in these Rules." (Emphasis added.)

Hi-Plains' notice named Cereal as the deponent. However, the notice did not "describe with reasonable particularity the matters on which examination is requested." The duty of Cereal to comply with the second sentence of Rule 57.03(b)(4) was contingent, through the use in that sentence of the words "in that event," upon Hi-Plains' compliance with the first sentence of Rule 57.03(b)(4). In failing to give the description called for by the first sentence, Hi-Plains did not comply with the latter.

The notice given by Hi-Plains was insufficient to trigger the operation of Rule 57.03(b)(4) insofar as it purported to name Cereal as the deponent. That it was the intention of Hi-Plains to invoke Rule 57.03(b)(4) is demonstrated by this statement contained in the brief of Hi-Plains, "[Cereal] failed to designate an officer or representative to attend the deposition and was, therefore, in default." The fallacy in that statement is that Cereal was under no duty to make the designation prescribed by the second sentence of Rule 57.03(b)(4) for the reason, as previously stated, that Hi-Plains had failed to comply with the first sentence of Rule 57.03(b)(4).

If the defective notice were to be given the efficacy claimed for it by Hi-Plains, Hi-Plains would be exercising itself the privilege to make the designation in the face of the specific language of the rule which reposes that privilege (and duty) in the corporate deponent.[8] The notice was an

---

**8.** The counterpart to Missouri Rule 57.03(b)(4) is Fed.R.Civ.P. 30(b)(6). In discussing the latter rule a leading authority has emphasized the importance of the privilege, and duty, of mak-

ing the designation. "At first glance this rule may seem oppressive to an organization that is a party, however, when reviewed it becomes clear that the organization is the one that de-

abortive attempt to invoke Rule 57.03(b)(4). It is deficient not only because it fails to comply with the first sentence of that rule but also because it attempts to supplant, and overreach, the second sentence thereof.

No party to this appeal has cited any case, Missouri or federal, factually in point nor has the research of this court led to one. The peculiar wording of the instant notice renders this case unique. It should be observed that the facts here do not present either of the following situations: (1) The failure of Cereal to comply with the second sentence of Rule 57.03(b)(4) after Hi-Plains had met the requirements of the first sentence of that rule;[9] (2) the failure of Burgess and Cereal to appear for the deposition after Hi-Plains had given a notice, pursuant to Rule 57.03(b)(1), naming, as the person to be examined, "Robert V. Burgess, President of Missouri Cereal Processors, Inc."[10]

The last sentence of Rule 57.03(b)(4) is not here involved because, under the peculiar language of the instant notice, Hi-Plains was not attempting to take "a deposition by any other procedure authorized in these Rules."

■ The instant facts were insufficient to justify the trial court in invoking the sanctions contemplated by Rule 61.01(f).

With regard to Burgess, the *combination* of the following factors excuses his absence: (1) Burgess was not subpoenaed; and (2) the notice of Hi-Plains was ineffective to designate Burgess as the person to be produced by Cereal because the notice had named Cereal as the deponent. With regard to Cereal's non-production of a witness, Cereal had no duty to designate and produce a witness under the second sentence of Rule 57.03(b)(4) because Hi-Plains failed to comply with the first sentence of that rule.[11]

■ It is true that Cereal failed to appear by counsel but that alone would not justify the imposition of a default judgment. Had counsel appeared, he himself would not have been a witness or a source of testimony. The presence of counsel alone would have been of no benefit to Hi-Plains and indeed the absence of counsel, in view of the question left open in footnote 5, might have been a benefit to Hi-Plains. An order entered under Rule 61.01(f) must be an order "as [is] just." Under the facts here the trial court's judgment was not a "just" one.

Although not mentioned by any party to this appeal, Rule 57.07(d)(1), set out margin-

termines who the witness will be on a particular subject. This can be of great benefit in many cases. Selecting your representatives who will testify is of the utmost importance. Sometimes the person who may know the most about a subject is probably not the best witness available by way of his manner and demeanor." Wright and Miller, Fed.Prac. & Proc., Vol. 8, § 2103, footnote 27.2.

9. There is authority with respect to Fed.R. Civ.P. 30(b)(6), mentioned in footnote 8, to this effect: "The notice issued by Plaintiff is all that is necessary to require attendance of parties or their officers or managing agents and a subpoena was not required in the circumstances present. See Wright and Miller, Fed.Prac. & Proc., Civil, § 2107." *Continental Federal S & L Ass'n v. Delta Corp.*, D.C., 71 F.R.D. 697, 699[2] (1976).

In *Continental,* however, the notice designated the corporation as the deponent, requested the corporation to designate the witness, and specified the matters on which examination was requested, all in accordance with Fed.R. Civ.P. 30(b)(6).

10. With regard to federal procedure, the following statement appears in Wright and Miller, Fed.Prac. & Proc., Vol. 8, § 2107, p. 390. "Rule 30(a) provides that the attendance of witnesses at the taking of a deposition may be compelled by subpoena as provided in Rule 45. *Though the rules do not say so expressly,* a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party." (Emphasis added.)

The counterpart of Federal Rule 30(a) is Missouri Rule 57.03(a); the counterpart of Federal Rule 45 is Missouri Rule 57.09.

11. This court has not overlooked the fact that the language of Rule 61.01(f) differs in one respect from its counterpart, Fed.R.Civ.P. 37(d). The Missouri rule contains the language, "after being served with notice." The federal rule contains the language, "after being served with a proper notice." The latter language also appeared in the pre-1975 version of Missouri Rule 61 and in § 510.060. This court holds that the notice in the case at bar does not constitute a "notice" or "a proper notice."

ally,[12] is of no help to Hi-Plains. Rule 57.07(d) sets forth certain exceptions to Rule 57.07(c). The latter rule, in effect, preserves the right of a party to make certain objections therein enumerated, at the trial, although no such objection was made at the taking of the deposition. Rule 57.07(d)(1) in effect requires the prompt service of a written objection upon the party giving notice for taking the deposition in order to preserve the objection to errors and irregularities in the notice. As its title reflects, Rule 57.07 deals with use of depositions in court proceedings, that is, depositions which have in fact been taken. Rule 57.07(d) is inapplicable to the situation in the case at bar where neither Cereal nor Burgess actually gave a deposition.

During the pendency of the action in this court, Hi-Plains filed here a motion[13] to dismiss it on the ground that "all issues are moot." The motion recites that "subsequent to the filing of the notice of appeal, [Cereal] conveyed title to the real estate in issue to International Multifoods, Inc." and "after said conveyance Hi-Plains, Stanley and Balden" each "settled their mechanic's liens claims in full" with International Multifoods, Inc. The motion to dismiss is without merit and is denied.

Contrary to the recital in the motion, the conveyance to International Multifoods, Inc. took place prior to the filing of the notice of appeal and while the case was pending in the trial court. Rule 52.13(c) provides, in pertinent part: "In case of any transfer of interest, the action may be continued by . . . the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party . . ." Hi-Plains, Balden and Stanley each failed to file, in the trial court or in this court, a motion for substitution or joinder. Moreover, the motion to dismiss fails to consider the fact that the judgment appealed from not only awarded mechanic's liens in the real estate but constituted an in personam judgment in favor of Hi-Plains, Balden and Stanley, respectively, and against Cereal. See *Dill v. Poindexter Tile Co.*, 451 S.W.2d 365, 373[17] (Mo.App.1970). The latter aspect of the judgment was not rendered moot by the conveyance to International Multifoods, Inc.

The judgment is reversed and the cause remanded.

ALL CONCUR.

---

12. 57.07 Use of Depositions in Court Proceedings

.    .    .    .    .

(d) Effect of Errors and Irregularities in Depositions.

(1) *As to Notice.* All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.

13. Balden and Stanley joined in the motion, although neither filed a brief as respondent.