STATE of Missouri on the Relation of SYNTEX AGRI–BUSINESS, INC., Syntex (U.S.A.), Inc., Syntex Laboratories, Inc., and Syntex Corporation, Relators,

v.

The Honorable George ADOLF, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 50536.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1985.

John J. Cole, Edwin L. Noel, Thomas B. Weaver, St. Louis, for relators.

Jerome J. Schlichter, Robert S. Bogard, St. Louis, for respondent.

SMITH, Judge.

Relators sought our writ of prohibition to prevent the production during discovery of documents claimed to be privileged.

The underlying lawsuit was brought by a large number of plaintiffs to recover for damages allegedly sustained from exposure to dioxin. Relators are four members of a corporate family. Syntex Corporation is the parent company. Syntex (U.S.A.) Inc. is a wholly owned subsidiary. Syntex Agribusiness, Inc. and Syntex Laboratories, Inc. are wholly owned subsidiaries of Syntex (U.S.A.) Inc. All four, along with individuals and other corporations, are defendants in the underlying suit. Syntex Agribusiness is licensed to do business in Missouri and has raised no objection to personal jurisdiction over it in plaintiffs' suit. The other three Syntex corporations are not licensed to do business in Missouri and have moved to be dismissed from the underlying suit for lack of personal jurisdiction. Those motions are pending.

Plaintiffs have sought production of vast quantities of documents from the Syntex companies. Most of those documents have been produced. Relators did not produce documents from or to their in-house or outside counsel. Plaintiffs filed a motion to compel production of those documents. For purposes of this writ we are concerned with only one category of such documents. That category can best be described by quoting directly from plaintiffs' motion to compel production.

"2. A review of these two Exhibits confirms the oral information provided to plaintiffs' attorneys by Syntex's attorneys that Syntex withheld all documents that had an attorney's name on them that they did not want plaintiffs to see, without any attempt to determine whether the documents contained confidential information from an attorney to his client. It is clear from these two Exhibits that the vast majority of the documents are not protected from discovery based upon the attorney-client privilege....

"6. A fourth category of documents that have been improperly withheld from production by the Syntex defendants

have been marked with a " + " on Exhibits 1 and 2. These are documents in which the document is written from, to, or has been shared with more than one Syntex company. One of plaintiffs' claims in this case is that Syntex Corporation has so dealt with its subsidiaries and the subsidiaries of its subsidiaries, that there is no distinction between the corporations, that they are instrumentalities of Syntex Corporation and its alter ego. If the Syntex defendants are willing to concede the validity of this claim, then plaintiffs are willing to concede that the documents within this category are *still* confidential. However, in the absence of such a concession, Syntex Agribusiness, for example cannot claim that documents which are written to or shared with non-lawyers from other corporations are confidential.... To the extent that these corporations are separate entities, then the communications are not confidential because they were shared with these various corporations." (Emphasis supplied).

■ Respondent granted the motion to compel production as to paragraph 6 without explanation. We granted our preliminary writ which we now make absolute. Prohibition is an appropriate remedy to prevent enforcement of discovery requiring production of privileged documents. *State ex rel. Cain v. Barker,* 540 S.W.2d 50 (Mo. banc 1976) 1.c. 51.

■ Respondent has raised before us the issue that the record is not sufficiently complete to establish that the documents are privileged and that relators have failed to carry the burden of establishing their confidential and privileged status. We note in passing that the burden in the trial court to establish relevancy, materiality and non-privileged status of the documents sought is upon the party seeking production. That burden shifts when the case reaches this court by writ. *State ex rel. Terminal R. Ass'n. of St. Louis v. Flynn,* 363 Mo. 1065, 257 S.W.2d 69 (Mo. banc

1953) [1–3]. Regardless of where the burden is, respondent's present contention is contrary to the motion to compel production upon which the order to produce was based. The motion and the exhibits attached thereto clearly state that the documents contain attorneys' names as either senders or receivers. The motion further clearly reveals that the documents are confidential and privileged unless the fact that they were shared by two or more of the Syntex corporations waives the privilege. Plaintiffs' motion to compel production did not challenge the status of the documents as meeting the threshold requirements of privileged communications. The issue before the respondent was, and before us is, solely a question of law—whether distribution of otherwise privileged communications between separate corporate entities comprising a single family of corporations waives the attorney-client privilege.

In *State ex rel. Great American Insurance Company v. Smith,* 574 S.W.2d 379 (Mo. banc 1978), the Supreme Court adopted the very broad concept of attorney-client privilege advocated in Sedler & Simeone, "Privileges in the Law of Evidence: The Realities of Attorney-Client Confidences," 24 Ohio St.L.J. 1 (1963) and proposed in ALI Model Code of Evidence, Rule 209(d) (1942). In so doing the court rejected the narrower attorney-client privilege advocated by Dean Wigmore. 8 J. Wigmore, Evidence §§ 2320, 2322 (McNaughton rev. 1961). The privilege as recognized in Missouri applies to information transmitted by a voluntary act of disclosure between the client and his lawyer in confidence and through a means which as far as the client is aware, discloses the information to no third persons other than those reasonably necessary for the transmission of the information or the accomplishment of the purpose for which it was transmitted. *State ex rel. Great American Ins. Co. v. Smith, supra,* [2]. The "third person-reasonably necessary" exception to waiver has been standardly recognized in Missouri. *McCaffrey v. Estate of Brennan,* 533 S.W.2d 264

(Mo.App.1976) [5, 6]; *Kratzer v. Kratzer,* 595 S.W.2d 453 (Mo.App.1980) [5, 6].

We have found no cases in Missouri dealing with the "third person-reasonably necessary" exception as it applies to intercorporate disclosure within a family of corporations. The question has been directly dealt with in *Insurance Company of North America v. Superior Court for the County of Los Angeles,* 108 Cal.App.3d 758, 166 Cal.Rptr. 880 (1980). That case was decided on the basis of a California statute which is nearly identical to the ALI Model Code of Evidence Rule 209(d) cited with approval by the Supreme Court in *State ex rel. Great American Ins. Co. v. Smith, supra.* That statute also expresses the same scope of privilege delineated by the *Great American* case and as to third parties the law of Missouri as it has been articulated by the appellate courts. The California opinion first analyzed the relationship of the third parties present at the conference and found that as officers of other members of the corporate family they had specific need to know the information and were not in fact outsiders. The court then addressed the more general question of legal communications between separate corporate entities comprising a single corporate family. The court's conclusion can be found in two quotations from the opinion:

> "We conclude, at least in the instance of wholly-owned subsidiaries and affiliates, that the presence of a representative of a parent or affiliated company at a legal briefing of a subsidiary, and vice versa, does not destroy confidentiality of communication between counsel and client. (1.c. 166 Cal.Rptr. 887)

> "To sum up, we construe section 952 to mean that attorney-client communications in the presence of, or disclosed to, clerks, secretaries, interpreters, physicians, spouses, parents, business associates, or joint clients, when made to further the interest of the client or when reasonably necessary for transmission or

accomplishment of the purpose of the consultation, remain privileged ... (Citations omitted) ... As part of this general rule, we conclude that an officer or employee of a holding or affiliated company can receive legal advice from counsel employed by a wholly-owned subsidiary or affiliate without destroying the confidentiality of the communication and, as applied to this cause, that the transmission of legal opinions and advice given by counsel for INA to representatives of INA Corporation and its affiliates was a disclosure reasonably necessary to accomplish the corporate client's purpose in consulting counsel and was protected from discovery by the attorney-client privilege." (1.c. 166 Cal.Rptr. 888).

We find the California opinion persuasive and well-reasoned. It is in keeping with the broad scope of the privilege as recognized by our Supreme Court, and fully recognizes the practicalities of modern business practices. See also *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.C.Mass.1950) 1.c. 359; *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146 (D.C.S.C.1974) 1.c. 1184–5. The privilege applies with equal force to oral and written communications. We conclude, therefore, that the documents sought by plaintiffs in the underlying case did not lose their confidential nature and privileged status by being shared by employees of other corporations in the family.

The issue of privilege within the family is not the same issue as alter ego for jurisdictional purposes. The corporations here may be distinct for purposes of personal jurisdiction and yet interrelated for purposes of privilege. The only justification asserted by plaintiffs in their motion to compel production was that the privilege had been waived because of intercorporate disclosure of the documents within the family. That is not a legal basis for finding an absence of confidentiality and a waiver of the privilege and does not authorize the respondent to order production of the documents.

Our preliminary writ is made absolute without prejudice to a subsequent motion to compel production of any documents which do not meet the definitions of privileged communications under *State ex rel. Great American Insurance Company v. Smith, supra.* Respondent's motion to strike relators' brief and dismiss is denied.

SNYDER, P.J., and CRANDALL, J., concur.