**STATE of Missouri, ex rel. Michael F. LAUSE, Robert H. Brownlee, Kenton E. Knickmeyer and James G. Martin, and Terre Du Lac Association, Inc., Relators,**

**v.**

**The Honorable George A. ADOLF, Judge of the Circuit Court of the City of St. Louis, Missouri, Division I, Respondent.**

**No. 50884.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 1, 1986.

Motion for Rehearing and/or Transfer
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

William G. Guerri, Donald J. Stohr, Charles A. Newman, St. Louis, for relators.

Joseph P. Conran, Maxine I. Lipeles, Christine F. Miller, Kim R. Luther, St. Louis, for respondent.

REINHARD, Judge.

Relators brought this proceeding in prohibition to prevent the respondent-judge from enforcing his order requiring relators to produce certain documents they assert to be privileged as confidential attorney-client communications and as attorney work product. We now make absolute our previously issued preliminary order in prohibition.

Relator Terre Du Lac Association, Inc. (Association) is a Missouri not-for-profit corporation which was organized as a property owners association to own, operate and maintain, upon completion, the common facilities of the Terre Du Lac subdivision. In 1983 the Association retained the law firm of Thompson & Mitchell to act as its counsel in pursuing various claims against the developers of the Terre Du Lac subdivision. The other relators are licensed attorneys who became involved in representing the Association while practicing law as a partner or associate of Thompson & Mitchell. On November 8, 1983, a complaint was filed on behalf of the Association in the U.S. District Court for the Eastern District of Missouri, in which various claims were asserted against the subdivision developer (Terre Du Lac, Inc.), C.I.T. Corporation, and others. *See, Terre Du Lac Association, Inc. v. Terre Du Lac, Inc.* 772 F.2d 467 (8th Cir.1985). C.I.T. was alleged to be a "joint venturer in law" with Terre Du Lac, Inc., apparently because of its involvement in financing the development. That suit is still pending.

On July 6, 1984, C.I.T. Corporation filed suit in the Circuit Court for the City of St. Louis, naming as defendants six persons who, as officers and directors of the Association, voted to file the federal lawsuit. *C.I.T. Corp. v. Wayne Bates*, et al., No. 842–02166 (St. Louis City Circuit Court). The gravaman of C.I.T.'s petition is that "the Association had no bona fide claims against C.I.T., but sued it as a 'deep pocket' because of concerns that the developer was essentially insolvent." It should be pointed out that there were, at the time the Association filed its federal suit, seven directors on its Board and the seventh director, appointed by Terre Du Lac, Inc., was not named as a defendant in C.I.T.'s petition. Furthermore, the terms of two directors named as defendants expired in January 1985, and their successors were not substituted as defendants.

The six *Bates* defendants filed a joint answer and counterclaim, which were subsequently amended. In their second amended answer the *Bates* defendants asserted, as an affirmative defense, that in filing the federal suit they relied on the advice of attorneys. Their amended counterclaim asserted abuse of process and prima facie tort. C.I.T. subsequently deposed those six individuals and examined them concerning the factual basis for their defense.

On November 7, 1985, C.I.T. caused deposition subpoenas duces tecum to be served on each of the attorney-relators. The subpoenas ordered the attorney-relators to produce various documents generated in the course of their representation of the Association, including "documents reflecting, concerning, or relating to communications between" the Association and the attorney-relators regarding the subject of the federal suit, as well as "All letters, opinion letters, memoranda, and all other documents, prepared ... or reviewed" by the attorney-relators or other counsel for the Association "with respect to the initiation, scope and substance" of the federal suit. The subpoenas also requested documents pertaining to legal fees as well as documents regarding *all* communications between the attorney-relators and Geoffrey Pratte, who is one of the *Bates* defendants. This latter request was apparently not limited to communications concerning the Terre Du Lac litigation. The attorney-relators filed a motion to quash the subpoenas, which was granted in part. Respondent quashed the subpoenas as to the documents reflecting communications with Pratte and those concerning legal fees; however, the attorney-relators were directed to comply with the rest of the subpoenas, and brought this

proceeding in prohibition to prevent respondent from enforcing that order.

■■■ Prohibition is an appropriate remedy to prevent enforcement of discovery orders requiring production of privileged documents. *State ex rel. Syntex Agri-Business, Inc. v. Adolf,* 700 S.W.2d 886, 887 (Mo.App.1985). However, while in the trial court the burden of proof on the issue of privilege is upon the party seeking production, that burden shifts when the case reaches this court by writ. *Id.*

With these precepts in mind, we consider relators' contentions. There seems to be no question that the requested documents were confidential attorney-client communications. Respondent argues, however, that the Association has waived the attorney-client privilege because of the *Bates* defendants' assertion of the advice of counsel defense and their deposition testimony regarding communications between themselves and the attorney-relators. We disagree.

■■■ It should be noted that the attorney-relators' client was the Association, not the individual *Bates* defendants. Corporations, like individuals, enjoy the protection of the attorney-client privilege. *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 608 (8th Cir.1977). As the United States Supreme Court has noted:

> The administration of the attorney-client privilege in the case of corporations, however, presents special problems. As an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers. Similarly, it cannot directly waive the privilege when disclosure is in its best interest. *Each of these actions must necessarily be undertaken by individuals empowered to act on behalf of the corporation....*
>
> [F]or solvent corporations, the power to waive the corporate attorney-client privilege rests with the corporation's

management and is normally exercised by its officers and directors. The managers, of course, must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interest of the corporation and not of themselves as individuals.

*Commodity Futures Trading Commission v. Weintraub,* —— U.S. ——, 105 S.Ct. 1986, 1991, 85 L.Ed.2d 372 (1985). Respondent asserts that in this case "the acts of waiver were undertaken by the client corporation, through its officers and directors."

■ Assuming arguendo that a party waives the attorney-client privilege by injecting the defense of reliance upon advice of counsel, the Association did not assert that or any other defense in the underlying litigation. The Association is not a party in the *Bates* case, and it cannot be seriously contended that the directors named as defendants raised the defense of reliance on advice of counsel on behalf of the Association. It is the individual directors who would be liable to C.I.T. for any judgment rendered in favor of it as plaintiff, and it is the directors who personally stand to recover any damages awarded on their counterclaims.[1] The *Bates* defendants were clearly not acting as agents of the Association in that litigation.

Respondent also asserts that the *Bates* defendants were acting as agents of the Association when they allegedly waived the attorney-client privilege by "testif[ying] at length concerning otherwise privileged communications." Again, assuming arguendo that the deposition testimony was an act of waiver, we find no basis for attributing that act to the Association.

It is useful to examine Rule 57.03(b)(4), which states:

> A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity

---

1. This is not changed by the Association's alleged agreement to indemnify the *Bates* defendants.

the matters on which examination is requested. In that event, *the organization so named shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which he will testify. A subpoena shall advise a nonparty organization of its duty to make such a designation.* The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(4) does not preclude taking a deposition by any other procedure authorized in these Rules. (emphasis added).

As noted in *Hi-Plains Elevator Machinery, Inc. v. Missouri Cereal Processors, Inc.*, 571 S.W.2d 273, 276 n. 8 (Mo.App. 1978):

> The counterpart to Missouri Rule 57.-03(b)(4) is Fed.R.Civ.P. 30(b)(6). In discussing the latter rule a leading authority has emphasized the importance of the privilege, and duty, of making the designation. "At first glance this rule may seem oppressive to an organization that is a party, however, when reviewed it becomes clear that the organization is the one that determinates who the witness will be on a particular subject. *This can be of great benefit in many cases. Selecting your representative who will testify is of the utmost importance.* Sometimes the person who may know the most about a subject is probably not the best witness available by way of his manner and demeanor. Wright and Miller, Fed.Pract. & Proc., Vol. 8, § 2103, footnote 27.2. (emphasis added).

The Association was not deposed in this case, and the *Bates* defendants clearly did not testify as the Association's designated agents pursuant to Rule 57.03.

Waiver might also have been found had the Association been a party to the underlying suit. In *Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811 (Mo.App. 1982), testimony by the corporate defendant's president concerning communications between himself and the corporation's at-

torney was held to waive the corporation's attorney-client privilege. However, in this case the Association was not a party, a distinction we find to be crucial for several reasons. First, where the corporation is present as a party its failure to object to questions seeking privileged information from an officer or director might be viewed as authorization for the agent to answer and waive the privilege, or as constituting a waiver in and of itself. Second, where the corporation is a party, not the officer or director, it is reasonable to infer that the witness is acting on behalf of the corporation, since the corporation clearly has an interest in the litigation, while the agent has no separate personal stake in the outcome. The *Bates* defendants clearly have individual and personal interests in the underlying action here, in that they will recover any damages awarded on their counterclaims, and will be liable for any damages awarded to C.I.T. On the other hand, the Association stands to gain nothing from those counterclaims, and will not be liable to C.I.T. for any judgment in the *Bates* suit. Under these circumstances, we conclude that the *Bates* defendants were acting on their own, not as agents of the Association, when they gave their deposition testimony. The Association clearly did not empower those individuals to testify on its behalf in *Bates*, a suit in which it was not a party and in which it had not been deposed.

We therefore find that the Association has not waived its attorney-client privilege, and that respondent's order was in excess of his jurisdiction. Our preliminary writ in prohibition is made absolute.

SIMON, P.J., and DOWD, J., concur.