[Cite as *Joy v. New Lebanon*, 2025-Ohio-4337.]

### IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| GALE JOY | Case No. 2025-00616PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| VILLAGE OF NEW LEBANON | |
| Respondent | |

{¶1} This case is before me for a R.C.2743.75(F) report and recommendation. I recommend that judgment be entered for respondent and that requester bear the costs of this case.

### I.   Background.

{¶2} Requester Gale Joy is one of seven members of the Council of the respondent Village of New Lebanon ("the Village").  There has been considerable conflict within the Village's government, and Mr. Joy made public records requests for invoices and other materials compiled by the private attorney retained to serve as the Village's acting Law Director. The Law Director produced copies of the invoices, redacted to obscure the descriptions of the work performed. *Respondent's Submission of Evidence Upon Which It Relied*, filed July 29, 2025, pp 50-60, 85-88.[1]

{¶3} Mr. Joy filed this case to compel production of unredacted copies of the invoices. He also seeks damages and attorney fees pursuant to R.C. 149.43(C)(2) and (3). Mediation was bypassed and a schedule was set for the Village to file unredacted copies of the invoices for in camera review and for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case

---

[1] The references to the pages of this filing are to the pages of the PDF copy posted on the court's docket.

ripe for decision. *Complaint,* filed June 27, 2025; *Order Bypassing Mediation*, entered July 7, 2025; *Order*, entered July 18, 2025.

## II. Analysis.

### A. The court should deny respondent's motion to dismiss.

{¶4} The village seeks to dismiss this case pursuant to Civ. R. 12(B)(6). The court should deny that motion and decide the case on the merits because the motion relies on matters beyond the complaint.

### B. The redactions at issue were supported by the attorney-client privilege.

{¶5} The Village argues that the redactions were authorized by R.C. 149.43(A)(1)(v) and the attorney-client privilege. R.C. 149.43(A)(1)(v) does indeed authorize a public office to redact records containing information protected by the attorney-client privilege. Controlling precedent establishes that descriptions of services rendered to a public office on invoices from the office's counsel are protected by the privilege. *State ex rel. Dawson v. Bloom-Carroll Local School Dist*., 2011-Ohio-6009, ¶¶ 27, 28. Mr. Joy does not dispute those points or that the redacted descriptions would be protected by the attorney-client privilege as to the public at large, but argues that the privilege does not apply to him because he is a member of the Village's Council.

{¶6} It is settled law that the attorney-client privilege belongs to the client. *Frank W. Schaefer v. C. Garfield Mitchell Agency*, 82 Ohio App.3d 322, 329 (2d Dist.1992). When the client is an organization, the organization itself—not its constituents—is the client. "By representing the organization, a lawyer does not thereby also form a client-lawyer relationship with all or any individuals employed by it or who direct its operations or who have an ownership or other beneficial interest in it, such as its shareholders." *Restatement of the Law 3d., Governing Lawyers*, § 96, comment b (1998). Further,

> "A lawyer representing an organization deals with individuals such as its . . . directors . . . who serve as constituents of the organization. Such individuals acting under the organization's authority retain and direct the lawyer to act on behalf of the organization . . . Nonetheless, personal dealings with such persons do not lessen the lawyer's responsibilities to the organization as client, and the lawyer may not let such dealings hinder the lawyer in the performance of those responsibilities." *Id*.

Consistent with those principles, courts in Ohio and elsewhere hold that the attorney-client privilege applies against directors and other individual constituents of an organizational client. *Stuffleben v. Cowden*, 2003-Ohio-6334, ¶¶ 25-27 (8th Dist.); *Milroy v. Hanson*, 875 F.Supp. 646, 648 (D.Neb.1995).

{¶7} It is undisputed that the Village was the client for whom the invoices were generated and for whom the services described in the invoices were rendered. Although Mr. Joy is certainly a constituent of the Village, the principles underlying the authorities just discussed establish that the privilege the Village enjoys applies against him.

{¶8} That is not changed by the fact that those authorities all involved private, rather than governmental, clients. The principles on representing organizational clients apply to representing governmental organizations. *Restatement of the Law 3d., Governing Lawyers*, § 96 comment a (1998).

{¶9} Nor is it changed by the fact that Mr. Joy feels that he needs the redacted information to fulfill his duties as a council member. That may well be true, but the Public Records Act is not the right tool for obtaining that information. The legislature sets public records policy, and it has determined that attorney-client privileged materials are not public records.  Other remedies may exist to compel respondent to provide that information, but they are beyond the scope of the Public Records Act and this court has no jurisdiction to provide relief apart from the Public Records Act. *Trader v. Ontario Local School Dist*., 2025-Ohio-2374, ¶ 5, adopted 2025-Ohio-2879 (Ct. of Cl.)

{¶10} I therefore recommend that the Court deny Mr. Joy's claim to compel production of unredacted copies of the invoices.

### C. R.C. 149.43(C) damages and attorney fees are not available in cases brought under R.C. 2743.75.

{¶11} I also recommend that the court deny Mr. Joy's claim for R.C. 149.43(C) damages and attorney fees. That relief is not available in cases brought under R.C. 2743.75. *Doe v. Ohio State Univ*., 2024-Ohio-5891, ¶¶ 42-55 (10th Dist.); *Assn. of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, 2020-Ohio-4550, ¶ 10, adopted 2020-Ohio-4902 (Ct. of Cl.).

**D.  Requester should bear the costs of this case**.

{¶12} Costs should be assessed against requester pursuant to R.C. 2743.09(F) and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

**III.  Conclusion**.

{¶13} In light of the foregoing, I recommend that the court:

A.  Enter judgment for respondent; and

B.  Require requester to bear the costs of this case.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed August 21, 2025**
**Sent to S.C. Reporter 9/15/25**